THE PEOPLE *ex rel.* John E. Owens, Defendant in Error, *vs.* EDWARD J. HOGAN, Plaintiff in Error.

*Opinion filed December 17, 1912.*

1. CONTEMPT—*what record is required where commitment is for alleged contempt in open court.* Where a witness in a case is committed to jail for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made for review is the order of commitment.

2. SAME—*what must appear from the order of commitment for contempt in open court.* Where a witness is committed to jail for an alleged contempt in open court, the order of commitment should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, taking the facts stated to be true.

3. SAME—*when county judge has no jurisdiction to punish for alleged contempt.* The county judge has no authority to sit with the board of election commissioners on the hearing of a petition addressed to the county judge and the board of election commissioners charging certain "irregularities and uncertainties" in the affidavits of lodging-house keepers, and has no power to make any order in the matter nor to punish, as for contempt of court, a person claimed to have made a false affidavit.

WRIT OF ERROR to the County Court of Cook county; the Hon. JOHN E. OWENS, Judge, presiding.

EUGENE C. O'REILLY, for plaintiff in error.

W. H. STEAD, Attorney General, (CHARLES H. MITCHELL, of counsel,) for defendant in error.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

On November 15, 1911, the following order was entered in the county court of Cook county:

"The People of the State of Illinois *ex relatione* John E. Owens, Judge of said court, *vs.* Edward J. Hogan.— Contempt.

"The defendant in the above entitled cause having appeared before the undersigned, John E. Owens, judge of the county court, sitting *en banc* together with the board of election commissioners of the city of Chicago and part of the town of Cicero, in the matter of the certain complaint pending before the said judge of said court and said election commissioners, said judge presiding, in the matter of the complaint filed by Citizens' Association of Chicago, the City Club of Chicago and the Law and Order League of Chicago, and certain citizens of the city of Chicago, in said county and State, wherein it was averred that divers uncertainties and illegalities had been committed relative to lodging-house affidavits purporting to have been filed under the statute in that case made and provided, and to the term of which reference is more particularly made hereby, and said matter having come on for hearing on, to-wit, the sixth day of November, 1911, the said Edward J. Hogan afterwards appeared in open court before the undersigned, as judge of said county court and sitting in the matter of the examination of witnesses under the statute aforesaid, the said Edward J. Hogan did then and there appear in open court as a witness in said matter then pending and undetermined, and on hearing in the county court, to-wit, in the court room usually occupied by the said court, and was sworn, and did then and there personally depose as a witness upon a material and substantial investigation of fact in the matter then and there pending, and did then and there remain for the period of, to-wit, one hour, and said defendant did then and there falsely and willfully and corruptly swear in open court, in the presence of the undersigned sitting in said proceeding, that certain persons then and there named and mentioned by him, the said defendant, were occupants, residents and inmates of a certain lodging house in and of said city of Chicago, and within the jurisdiction and territory of, over and concerning which, in election matters, said board of election commissioners had then

256 – 32

and there jurisdiction under the statute in such case made and provided, and in so doing the said defendant corruptly, knowingly, falsely and maliciously, and with intent to corrupt the election then approaching, to-wit, the judicial election of November 7, inst., did falsely testify in a substantial matter then and there pending in said court, and in answer to interrogatories specifying the facts and circumstances and names of said pretended lodgers, said defendant made oath that divers persons did then and there lodge and reside and have their domiciles at the places named by said defendant, which in truth and in fact no such persons existed, to the knowledge of the undersigned, all of which false testimony was contrary to the dignity of the People of the State of Illinois and to the statutes of said State and false to the knowledge of the undersigned, and in so doing said defendant was and is guilty of contempt in open court and in the presence thereof, and said false testimony was calculated to the injury of free and equal election in said city of Chicago. Now, on motion of the court itself, acting *sua sponte* and of its own knowledge in the premises, and the said defendant being now here in open court and at a day of a regular term of said court, it is hereby ordered that the said defendant be and the same is hereby required to pay the costs of this proceeding, to be assessed by the clerk of this court and paid to said clerk; and it is further ordered that the said defendant be and he is hereby directed to stand committed to the common jail of Cook county, and be imprisoned in said jail for a period of six months or until released by due process of law, and that a warrant issue to carry this order into effect. To which finding and judgment of the court the said respondent now here duly excepts and prays an appeal therefrom to the Supreme Court of the State of Illinois, which prayer for appeal is hereby denied."

Edward J. Hogan sued out a writ of error from the Appellate Court, which was made a *supersedeas*, and he was admitted to bail. The assignments of error having raised

constitutional questions, the cause was afterward transferred to this court.

The order recited above is the whole record in the case. The clerk, in making up the transcript, has included a copy of a certain petition, (being probably the complaint referred to in the order,) and a transcript of certain proceedings purporting to have been had in the county court, but these constitute no part of the record. These proceedings were not against the plaintiff in error and he was not concerned in them except as a witness. His first appearance is in the order sentencing him to jail. The commitment having been for an alleged contempt committed in open court, without charge, plea, issue or trial, the only record required to be made is the order of commitment. That order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. *Whitten* v. *State,* 36 Ind. 196; *Ex parte Ferry,* 128 U. S. 289.

It appears from the record that the court had no jurisdiction to make this order. The hearing in which the false testimony is found to have been given was not a charge of a crime against the plaintiff in error or any individual, but a general charge that "divers uncertainties and illegalities had been committed relative to lodging-house affidavits purporting to have been filed under the statute in that case made and provided." The statute referred to is paragraph 193 of chapter 46 of Hurd's Statutes. Under that section lodging-house keepers are required to file with the election commissioners, not less than twenty-eight nor more than thirty days before any election, affidavits containing certain information as to their lodgers. A failure to comply with this requirement is declared to be a misdemeanor and is punishable by a fine. The next section provides that the person required to file such statement who fails to do so may be cited by the election commissioners to appear before them and furnish such sworn statement and make such

oral statements under oath as the commissioners may require. The commissioners are required to sit to hear such citations on Friday of the fourth week before the election. The hearing is by the commissioners. The statute confers no authority upon the county judge or the county court in connection with this hearing. If he sits with the commissioners or takes part in the hearing it is as a volunteer. The board of election commissioners is not a court, and the board and county judge, acting together, are not a court. The county court had no jurisdiction of the investigation of the supposed "uncertainties and illegalities" in the lodging-house affidavits.

From the transcript, aside from the order heretofore set forth, it appears that the complaint mentioned in the order was a petition filed November 2, 1911, addressed to the judge of the county court and the board of election commissioners. Neither the county court nor the county judge had any jurisdiction in the matter or authority to make any order on that subject, yet an order was entered that citations and subpœnas issue commanding all proprietors of lodging houses, and all persons signing lodging-house affidavits, to appear before the bar of the county court to answer questions and give information to the court in all matters pertaining to the petition. Next, the transcript shows a hearing, on November 6, upon the petition, in which it is stated that the court found the allegations set forth in the petition are founded upon facts and in a large measure true; that the affidavits are not in compliance with the statute, and many of the signers of them furnished sufficient cause for further examination to determine the question whether or not they shall be held to await the action of the grand jury upon charges of perjury, the court being convinced that perjury has been committed. The affidavits are ordered stricken from the files of the election board, various directions are given to the board of election commissioners, and all rules upon lodg-

ing-house affidavit signers to show cause why they should not be punished for contempt of court are continued until November 9. All this was without any warrant in the law. The county judge had no authority to hear the matter, to sit with the board of election commissioners or to make any order in the premises. The next order was that of November 15, and it, like all the others, was without jurisdiction.

Other valid objections to this order are apparent on its face, but the lack of jurisdiction is sufficient. It is not to be inferred because the question is not discussed, that we think a court can in any case, upon its own knowledge of the facts, punish summarily as for a contempt against the dignity of the court, a witness who has testified falsely in a cause.

*Order reversed.*