(No. 24211.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* BENNY BEROF, Plaintiff in Error.

*Opinion filed December 15, 1937.*

CHARLES A. BELLOWS, for plaintiff in error.

OTTO KERNER, Attorney General, THOMAS J. COURTNEY, State's Attorney, and A. B. DENNIS, (EDWARD E. WILSON, JOHN T. GALLAGHER, BLAIR L. VARNES, and MELVIN S. REMBE, of counsel,) for the People.

Mr. JUSTICE SHAW delivered the opinion of the court:

The defendant, Benny Berof, complains of his commitment to the county jail of Cook county for a period of ninety days for a direct contempt of the municipal court of Chicago. The judgment of that court has been affirmed by the Appellate Court for the First District and the cause is before us on writ of error.

The order of commitment recites that on September 13, 1936, the defendant offered himself in open court as a surety for the later appearance of one Louis Swinberg, and then made certain representations as to his financial standing and other pertinent facts; that, in open court, on examination by the court, he represented himself to be worth more than $1000 over and above all his liabilities; further, that he was in the fruit and vegetable business and that he knew that the defendant Swinburg had no criminal record. The order further recites that the defendant thereafter admitted, in open court, that all of these representations and statements of fact were false. The court summarily, and without notice or citation, adjudged him guilty of a direct contempt and imposed the sentence above referred to.

The defendant seeks, and claims to have found, some uncertainty in the law of contempt where none, in fact,

exists. He relies upon the ancient and long accepted statement by Blackstone, as follows: "If the contempt be committed in the face of the court, the offender may be instantly apprehended and imprisoned, at the discretion of the judges, without any further proof or examination. But in matters that arise at a distance, and of which the court cannot have so perfect a knowledge, unless by the confession of the party or the testimony of others, if the judges upon affidavit see sufficient ground to suspect that a contempt has been committed, they either make a rule on the suspected party to show cause why an attachment should not issue against him, or, in very flagrant instances of contempt, the attachment issues in the first instance, as it also does if no sufficient cause is shown to discharge; and thereupon the court confirms and makes absolute the original rule." (4 Blackstone's Com. 286.) This rule has been approved by the Supreme Court of the United States in *Ex parte Terry,* 128 U. S. 289, *Ex parte Savin,* 131 id. 267, *Cooke* v. *United States,* 267 id. 518, and also in many other cases. In our own court, (*People* v. *Sherwin,* 353 Ill. 525,) we have said: "It has long been established by the decisions of this and of other courts that a criminal contempt which is direct in its nature—*i. e.,* which takes place in the very presence of the judge, making all of the elements of the offense matters within his own personal observation and knowledge, or which occurred out of his presence, if admitted by the contemnor in open court—may be punished summarily by the court without any formality of pleading, notice or answer."

The plaintiff in error attempts to argue that the present case is not one of direct contempt because, as he says, the court did not know at the time the false statements were made that they were false and that the court, therefore, had to depend on additional evidence heard at a later time. This is an effort to confuse the last part of Blackstone's rule with the first part of it. The case before us clearly falls

within the first part of the rule in which the contempt is committed in the very face of the court. The judgment is based upon matters which took place in the presence of the court and of which the court had direct personal knowledge without the hearing of any extraneous evidence whatever. The fact that some days intervened between the making of the false statements and the admission of their falsity is of no importance. Both acts occurred in the presence of the court and were calculated, and of such a character, as to impede the administration of justice. Had they occurred at a different place, or had the admission of falsity been made at a different place, so that the judge would have to hear evidence on the matter, the second part of the rule would come into operation, but it has no application to the facts before us. There is no occasion to consider such a state of facts nor to discuss those cases in which a citation has been issued and served.

A distinction between the first and the second parts of Blackstone's rule eliminates all difficulty in the present case. That distinction, which has been recognized by so many courts for so long a time may be stated simply and is to this effect: When all of the acts and the proof of them occur before the court so that the judge has full knowledge of every element of the contempt, without depending on evidence of other facts, the punishment may be summary and without notice or citation; when the contempt is not thus apparent and its demonstration depends on the proof of facts of which the court would have no judicial notice, due process requires a citation in order that the defendant may disprove or obviate the *extra curia* facts.

The defendant also argues that the judgment should be reversed because it is not recited in the order that the defendant became surety for Swinburg or that the court believed or relied upon the statements. The point is immaterial. Whether the court was misled or not, the effort

was made, and the contempt was complete when the false statements were presented.

The defendant was guilty of a willful and direct criminal contempt and the judgment of the Appellate Court affirming the judgment of the municipal court is affirmed.

*Judgment affirmed.*