People of the State of Illinois ex rel. Margaret Butwill,
Defendant in Error, v. Charles Butwill, Plaintiff
in Error.

Gen. No. 41,756.

Heard in the first division of
this court for the first district at the June term, 1941. Opinion filed December 22, 1941.

JOSEPH J. GRISH, of Chicago, for plaintiff in error;
CLYDE C. FISHER, of Chicago, of counsel.

No appearance for defendant in error.

MR. JUSTICE MATCHETT delivered the opinion of the
court.

By this writ of error defendant seeks to reverse a
judgment entered March 19, 1941, finding him guilty
of contempt of court and sentencing him to the county
jail for one year. There has been no appearance in
this court in support of the judgment.

The entire record, as is usual in cases of direct con-
tempt, consists of the judgment order. It appears
from it that on December 10, 1940, while the circuit

court was in open session, there came on for trial before Judge FINNEGAN the case of *Butwill v. Butwill,* which was an action for divorce with counterclaim; that Charles Butwill and Walter Glista gave testimony in support of the counterclaim; and that relying upon the truth of their testimony the court entered a finding dismissing the causes for want of equity. On March 19, Charles Butwill and Walter Glista gave testimony in the cause, and Walter Glista testified that the testimony theretofore given by him on the 10th day of December 1940, was false; that it was given by him at the special request of Charles Butwill and that Charles Butwill and Walter Glista knowingly conspired with each other to testify and did so falsely testify and mislead the court on "matters vitally material to the issues"; further, that the conduct impeded the proceedings and lessened the dignity of the court and tended to obstruct justice; that all these matters were within the personal knowledge of the court, and that Charles Butwill was present in court and represented by counsel, and that he be taken from the bar of the court to the common jail, etc.

An order committing a witness to jail for direct contempt in giving false testimony must set forth the facts so fully and certainly as to show the crime was actually committed. The language of the order must be strictly interpreted and no presumptions can be indulged in its favor. *People v. Salbar,* 282 Ill. App. 506. Such a case will be considered in this court on the order alone. *People v. LaScola,* 282 Ill. App. 328, 329. Here, defendant was convicted on the testimony of Glista alone. The order does not show what the supposed false statement was. It does not show how the testimony of Butwill was false, and its language is that of bald conclusions instead of statements of fact.

Indeed, the alleged contempt does not appear to be a direct contempt at all since there is nothing in the record which discloses the court knew, or could have

known, personally that the testimony was false. On the contrary the order shows that this, if true, was disclosed by testimony heard in open court. *People v. Stone,* 181 Ill. App. 475, 477; *People v. LaScola,* 282 Ill. App. 328, 331; *People v. McKinlay,* 367 Ill. 504, 506. The judgment will be reversed.

*Reversed.*

McSurely, P. J., and O'Connor, J., concur.