(No. 27414.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* CLIFFORD H. TAVERNIER, Plaintiff in Error.

*Opinion filed November 16, 1943.*

BENJAMIN G. CLANTON, and PATRICK B. PRESCOTT, JR., for plaintiff in error.

GEORGE F. BARRETT, Attorney General, and THOMAS J. COURTNEY, State's Attorney, (EDWARD E. WILSON, JOHN

T. Gallagher, Melvin S. Rembe, and Joseph A. Pope, of counsel,) for the People.

Mr. Justice Murphy delivered the opinion of the court:

The criminal court of Cook county adjudged plaintiff in error guilty of direct contempt and ordered that he be imprisoned in the county jail for six months and fined $1000 and that if the fine was not paid he work the same out in the house of correction at the rate of $1.50 per day. The Appellate Court affirmed the order and a writ of error has been sued out of this court for a further review.

There was but one occurrence in the trial court out of which the alleged contempt arose. On June 17, 1942, a case entitled People v. Edward L. White *et al.*, was on trial and plaintiff in error was called as a witness. He refused to answer questions on the grounds that his answers would tend to incriminate him. On that date an order of commitment was entered and June 30 a further order was made *nunc pro tunc* as of June 17. The difference between the two orders was that the latter order contained a more detailed statement of facts than the former; by the second order plaintiff in error was committed to the house of correction to work out the fine at $1.50 per day, if it was not paid, while the first contained no such provision. The record shows plaintiff in error was present when the order of June 17 was entered. The *nunc pro tunc* order was entered when plaintiff in error was not present in court, had no notice it was to be entered and was not represented by counsel. During the interim between the entry of the two orders, other orders were entered, such as staying *mittimus,* fixing and approving bail and fixing time for the filing of a transcript.

The grounds for reversal are (a) that the orders do not contain facts sufficient to show a direct contempt was committed and (b) that even though the *nunc pro tunc*

order be considered as sufficient, it is void for the reason that it was entered when plaintiff in error was not present, thereby depriving him of his constitutional right.

The pertinent parts of the order of June 17 are: "The Court is of the opinion that the witness, Clifford Tavernier, being a member of the bar for many years and actively engaged in the practice of law for many years, and it appearing he testified before the Cook County Grand Jury in January of 1942, and states that he was not a conspirator of the defendants in the case of People vs. Edward L. White *et al.*, Indictment No. 42-202, and it appearing to the court that the answer to the questions propounded to him would not tend to incriminate said witness, and the court having ordered and directed said witness to answer said questions, and the witness having refused to answer said questions propounded to him, and having persisted in said refusal to answer such questions, it is the order and judgment of this court that this witness, Clifford Tavernier be sentenced for direct contempt of court for his wilful and contumacious refusal to answer such questions as directed and ordered by this court to be answered. The sentence and judgment of this court is that the witness, Clifford Tavernier, be and he is hereby sentenced to the County Jail for six months and fined $1,000."

The material parts of the finding of the order of June 30 are: "And thereupon the court finds that on June 17, 1942, the defendant in this cause was present in open court and while this court was in open session the court verbally ordered said defendant to answer certain questions which were propounded to him by * * * Assistant State's Attorneys; that said defendant refused to answer the said questions upon the grounds that his said answers thereto might tend to incriminate him; that thereupon [the assistant State's Attorney] read in open court and in the presence and hearing of the said defendant, while said

defendant was on the witness stand in a certain cause therein pending in said court, * * * entitled People of the State of Illinois vs. Edward White *et al.,* * * * that thereupon the defendant was asked if he would answer the same questions that were asked of him before the January, 1942, grand jury wherein said defendant appeared as a witness and was further asked if he would answer any of the said questions so read in his presence and hearing by said [assistant State's Attorney] and thereupon the said defendant stated that he would refuse to answer any and all such questions which he had heard read in his presence and hearing, upon the grounds that his said answers thereto might tend to incriminate him; that all of the said questions and answers so read in the presence and hearing of the defendant are expressly incorporated herein by reference and made a part hereof; that thereupon the court again ordered the said defendant to answer said questions and the said defendant refused to answer any and all of said questions on the ground that his answers thereto might tend to incriminate him; * * * without any legal excuse therefor, the defendant having stated under oath before the January, 1942, Grand Jury that he was not a co-conspirator of said defendants in the above entitled case, People of the State of Illinois vs. Edward White, *et al.,* and was guilty of no criminal misconduct."

In a direct contempt proceeding,—that is, a contempt committed in the presence of the court,—no formal charge is filed and no plea, issue or trial is required. (*Ex parte Terry,* 128 U. S. 289, 32 L. ed. 405.) The contempt having been committed in the presence of the court, it is not necessary that any evidence be heard; however, the facts out of which the contempt arises must be set forth fully and clearly in the order of commitment. (*People* v. *Rongetti,* 344 Ill. 107; *People ex rel. Owens* v. *Hogan,* 256

Ill. 496.) The facts which are essential to sustain the action of the court in issuing an order of commitment cannot be supplied by presumptions or inferences.

The only explanation for the entry of the *nunc pro tunc* order is that it was made to correct deficiencies appearing in the order of June 17. Defendant in error does not contend that the order of June 17, standing alone, contains sufficient facts to sustain the action of the court in entering an order of commitment. Brief references to its deficiencies in this regard will serve to illustrate that it does not meet the requirements of the rule as announced in the *Hogan, Rongetti* and other cases. It does show plaintiff in error was called as a witness in a cause then being tried where the defendants were charged with a conspiracy and that he refused to answer questions, but the facts which the court must have considered to determine that his refusal was contumacious are not shown in the order of commitment. Without such information it is impossible to determine whether plaintiff in error was justified in fearing that his answers might connect him with the conspiracy charged in the case then on trial or with some other violation of the Criminal Code.

It may be that an order may be so drawn as to include matters by reference and on review such matters so incorporated may be considered as a part of the order, but this is not that character of case. Here, there is uncertainty as to whether plaintiff in error was adjudged to be in contempt of court for his refusal to answer the questions read to him or by reason of his refusal to answer the questions on the trial, they being the same questions he had answered when testifying before the grand jury. There is nothing in the order to identify them as being the same. Even though the order be construed as referring to one particular line of questions there remains such vagueness and indefiniteness in the statement of facts that the order cannot be sustained. If plaintiff in error

was correct in refusing to answer for the reason such answers would tend to incriminate him, he was exercising one of his rights which is fundamental in our law. It should not be declared against him unless the facts constituting the contempt show clearly and definitely that his answers would not incriminate him or that he had waived his rights.

The Appellate Court concluded that the burden was on plaintiff in error to include in the record the questions propounded and in the absence of the same it would be presumed that the trial court had heard sufficient facts to support its findings. This was error. The cases all recognize the power of courts of record to conduct proceedings for contemptuous acts committed in the presence of the court and to administer punishment in proper cases. This may include a fine or jail sentence, or both. When a court thus instantly punishes without further proof or examination, without plea, trial or issue, it is exercising a power which is not recognized in other proceedings and one which may be arbitrarily used. To safeguard against abuse a review may be had, and since the case is submitted to a reviewing court on the order of commitment, the law imposes upon those who defend the entry of the order the burden of having it contain facts sufficient to show that the court was warranted in entering the order. The orders in this case are defective in that regard.

Under the views expressed, it is not necessary to consider plaintiff in error's contention that the order of June 30 was void. For the reasons stated, the orders of commitment are reversed.

Judgments of the Appellate and criminal courts are reversed.

*Judgments reversed.*