People of State of Illinois, Defendant in Error, v. William Vogel et al., Frank Siegal, Plaintiff in Error.

Gen. No. 44,530.

476

Opinion filed November 3, 1948. Released for publication December 2, 1948.

Wm. Scott Stewart, of Chicago, for plaintiff in error.

George F. Barrett, Attorney General, for defendant in error; William J. Tuohy, State's Attorney, John T. Gallagher, and Melvin S. Rembe, Assistant State's Attorneys, of counsel.

Mr. Presiding Justice Burke delivered the opinion of the court.

Frank Siegal sued out a writ of error in the Supreme Court to review a judgment of the criminal court of Cook county, sentencing him to ten days in the county jail for an alleged direct criminal contempt of that court. The Supreme Court decided that no fairly debatable constitutional question was raised which would give it jurisdiction on direct appeal, and transferred the case. (*People v. Siegal,* 400 Ill. 208.)

The order of the criminal court reads:

"This matter coming on to be heard before this Court, and the defendant, Frank Siegal, being present in his own proper person; and the Court being duly and regularly organized and in session for the consideration of business; the Court finds: That on the 8th

day of May, A. D. 1947, said Frank Siegal, the defendant in this cause, before this Court and while this Court was attending to its functions as a Court, the said defendant then and there being called as a witness by the people of the State of Illinois in a cause then pending and being heard before this Court and a jury, said cause being entitled '*People of the State of Illinois v. William Vogel, et al.*' Indictment Number 47-1; and the said defendant, Frank Siegal, then and there being first duly sworn upon oath did not state to the Court that: 'In 1944 when he engaged in the bail bond business in Cook County he financed himself in part but that he was also financed in part by one Fried; that he stated that a Mr. Schwartz was not financing him in said bail bond business and that he did not know that Fried was a law associate of one Nathan Schwartz, and that he, the defendant, Frank Siegal, was not associated in Schwartz's suite; that he, said defendant, Frank Siegal, further stated to this Court that in qualifying as a bail bondsman he did not deposit with the Department of Insurance of the State of Illinois Five Thousand ($5,000.00) Dollars as collateral but that a piece of property was "put up" by Mr. Fried, whereas in truth and in fact the said Frank Siegal then well knew that Fried was associated with Nathan Schwartz and the said Frank Siegal knew that he, Frank Siegal, was associated as a partner in the bail bond business with Leonard Schwartz, a brother of Nathan Schwartz, and so admitted to this Court in open court subsequent to the 8th day of May, 1947, to-wit;—on the 9th day of May, 1947, when he, the defendant, Frank Siegal, produced for the inspection of counsel and this Court a written contract entered into between himself and Leonard Schwartz, brother of Nathan Schwartz, pertaining to their joint operation of the bail bond business; and the said Frank Siegal well knew that Schwartz was financing him in the bail bond business and he well knew that Fried and Schwartz knew each

other and were associated in a law office and so admitted to this Court in open court subsequent to the 8th day of May, 1947, to-wit:—on the 9th day of May, 1947; and that the said defendant, Frank Siegal, well knew that Leonard Schwartz, the brother of Nathan Schwartz, deposited with the Department of Insurance of the State of Illinois the necessary security for him to engage in the bail bond business and that the said Leonard Schwartz was to share in the profits of the bail bond business.' The Court further finds that the said defendant, Frank Siegal, knowingly and wilfully and falsely represented unto the Court the matters aforesaid, then and there being subject matter material to the investigation by this Court, and has been guilty of direct contempt of this Court which was wilfully intended by said defendant and committed with the intent to embarrass and impede the administration of justice in said cause; and the Court doth further find that the said defendant, Frank Siegal, is now here present in Court; And it is therefore Ordered, Adjudged and Decreed by the Court that the defendant, Frank Siegal, on the facts as above found, be and he hereby is, for said direct contempt of this Court committed to the County Jail of Cook County, Illinois, there to be held for a period of ten days or until otherwise discharged by due process of law. And it is further Ordered that the Clerk of this Court issue a Mittimus forthwith directed to the Sheriff of Cook County directing him to carry into effect this Order.''

 The commitment, being for an alleged contempt, committed in open court, without charge, plea, issue or trial, the only record required is the order of commitment. That order should set out the facts constituting the offense so fully and certainly as to show that the court was authorized to make the order, and the facts stated must be taken to be true. *People v. Hogan,* 256 Ill. 496, 499. The facts which are essential to sustain the action of the court cannot be supplied by

presumptions or inferences. *People v. Tavernier,* 384 Ill. 388, 392. We have held that in case of direct contempt the court cannot judicially know that evidence is false unless at the trial it is so made to appear by the witness's own admission, or perhaps by unquestioned or incontrovertible evidence. *People v. Stone,* 181 Ill. App. 475, 477. In that case we pointed out that: "Otherwise the court would act merely upon its belief or conclusions derived from evidence heard, and not upon matters of fact of which it had judicial cognizance, which is essential to the summary proceeding for direct contempt." See also *People v. Butwill,* 312 Ill. App. 218.

The order purports to set out the false testimony given by defendant and the facts to the contrary. It shows that two brothers named Schwartz were involved, namely, Nathan Schwartz and Leonard Schwartz. However, the order uses the designation "Mr. Schwartz," "Schwartz" and "Schwartz's," without making it clear as to which Schwartz is meant. The order finds that the defendant testified that he did not deposit $5,000 with the State. Then the order finds that in truth and in fact Leonard Schwartz "deposited the necessary security." Both statements could be true. The order finds that defendant testified that he did not know Fried was a law associate of one Nathan Schwartz and that defendant was not associated in Schwartz's suite. Then the order finds that Fried and Schwartz knew each other and were associated in a law office. Both statements could be true. When all of this happened is not disclosed, nor does the record indicate in what manner any of this was material.

It is not shown to be material whether defendant did or did not put up $5,000, or whether he did or did not know that Fried was associated with Nathan Schwartz and that Leonard Schwartz was a partner. The nature of the charge against William Vogel et al.

480

is not disclosed by the order. The order contains the conclusion that defendant is guilty of direct contempt, intended to embarrass and impede the administration of justice in the Vogel case. There is no fact in the record to support this conclusion. The order further recites that "on the facts as above found" defendant is for direct contempt sentenced to jail. There are no facts found in the order to show direct contempt. Rejecting the mere conclusions there was no basis for finding the defendant guilty of contempt. Therefore, the judgment of the criminal court of Cook county is reversed.

*Judgment reversed.*

KILEY and LEWE, JJ., concur.