People of State of Illinois ex rel. Chicago Bar Association, Defendant in Error, v. Philip J. Barasch, Plaintiff in Error.

Gen. No. 44,608.

(KILEY, J., dissenting.)

Opinion filed June 29, 1949.   Rehearing denied July 18, 1949.
Released for publication July 18, 1949.

GEORGE S. LAVIN, of Chicago, for plaintiff in error.

CHARLES LEVITON, of Chicago, for defendant in error; CLARENCE E. FOX, JOHN F. SEMBOWER and JEROME H. LEVITON, all of Chicago, of counsel.

MR. JUSTICE LEWE delivered the opinion of the court.
Respondent seeks to reverse an order finding him guilty of direct contempt in the municipal court of Chicago and sentencing him to imprisonment in the county jail for a period of sixty days and imposing a fine in the sum of $200 and costs.

The order recites that respondent is not licensed to practice law in the State of Illinois, his name having been stricken by the Supreme Court of Illinois from the roll of attorneys; that on the 26th day of July 1948, he was guilty of direct contempt of court for practicing law without a license in the municipal court of Chicago in the case of *Barasch, Assignee v. Bolton,* No. 48 M 33683, a cause then and there pending before Hon. JOSEPH H. McGARRY, a justice of the municipal court of Chicago, in which the respondent appeared on a motion to dismiss and waived $11.78 in attorney's fees which he had previously sought; and that respondent was practicing law without a license in the municipal court of Chicago in twenty-five actions which he instituted naming himself as plaintiff and claiming attorney's fees in each case, aggregating the total sum of $381.32.

The order further recites that the court finds: "that the respondent was guilty of a direct contempt of this court in that he as a layman attempted to deceive and practice a fraud on the court in the following respects: (1) He claimed attorney's fees for himself, a layman, in the aforesaid twenty-five actions which he instituted as Plaintiff, Assignee; (2) he secured the entries of judgments by confession in seven actions, claiming that he sued as Plaintiff Assignee of judgment notes and conditional sales contracts therein involved, but the instruments purported to have been assigned to him show on their face that he was not at any time the assignee of said instruments and hence in all seven cases deceived and worked a fraud on the court by securing judgments and instituting garnishment proceedings."

The essential facts are stipulated. Respondent admits that in eighteen actions in the municipal court of Chicago he brought suit as plaintiff assignee and secured entries of judgment by confession although the instruments show on their faces that the purported assignee is the International Adjustment Company. In seven cases the instruments show no assignments were ever made by the payee of the judgment notes or conditional sales contracts. In all of the twenty-five cases attorney's fees were awarded respondent. Respondent stated in open court that he is in the business of financing and buying accounts and that he is the sole owner of International Adjustment Company to whom the purported assignments were made. After bringing the suits here complained of he obtained judgments and had executions issue which were returned *nulla bona*. In a number of cases respondent brought garnishment proceedings to recover fees for himself as an attorney, and in all of these suits the respondent "physically appeared" before the court and argued the cases. Respondent testified that he believed he had a right to ask for attorney's fees. In view of respond-

ent's training and experience in the law we think the trial court was warranted in disbelieving him. Moreover, he offers no satisfactory explanation for obtaining judgment by confession in seven cases in which he brought suit as plaintiff assignee when the instruments sued upon show that he was not the assignee. Use of the name "International Adjustment Company" and the purported assignments were subterfuges employed by respondent to deceive the court.

Whether respondent made a motion to waive attorney's fees in one case, or failed to recover them in the other cases referred to in the contempt order is immaterial. The fact is that he did claim attorney's fees in each one of the suits filed and so far as the record shows exhausted every legal means to recover them in all cases except one. In our opinion the findings in the contempt order are amply supported by respondent's own admissions.

The practice of law by one not licensed, both in court and out of court, is an illegal usurpation of the privilege of an attorney and is contempt of court. (*People v. Tinkoff*, 399 Ill. 282; *cf. People v. Securities Discount Corp.*, 361 Ill. 551.)

Respondent argues that this is not a direct contempt since the findings of the trial court are not based on his personal knowledge but on information or evidence of others. Any conduct constituting contempt in the presence of any one of the constituent parts of the court while engaged in the business devolved upon it by law is a contempt committed in the immediate presence of the court. (*In re Estate of Kelly*, 365 Ill. 174; *People v. Andalman*, 346 Ill. 149; *People v. Parker*, 328 Ill. App. 46.)

Respondent insists that the contempt order is void because it fails to state to whom the fine is to be paid. This question was disposed of adversely to the respondent in the case of *Bowles v. Alexenburg*, 329 Ill. App. 8, where substantially the same arguments were advanced as here.

Finally respondent contends that the punishment imposed is excessive. The undisputed evidence shows that disbarment of respondent has failed to deter him from the practice of law. It would seem that under these circumstances the only effective means of protecting the public is the punishment here imposed. We do not think that the court abused its discretion.

For the reasons stated the order is affirmed.

*Order affirmed.*

BURKE, P. J., concurs.

KILEY, J., dissents: Our review in direct contempt is limited to the contempt order. *People v. Richardson,* 397 Ill. 84; *People v. Parker,* 328 Ill. App. 46. We cannot aid the order by considering evidence, nor by our inference or presumption. *People v. Tavernier,* 384 Ill. 388; *People v. Butwill,* 312 Ill. App. 218. I think the findings in the order are insufficient to support the ultimate determination of contempt.