THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* DEWRIGHT BAXTER, Defendant-Appellant.

(No. 53278; ▮▮▮▮▮▮)

First District—January 21, 1971.

Gerald W. Getty, Public Defender, of Chicago, for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

This is an appeal from a judgment of the Circuit Court of Cook County finding defendant, DeWright Baxter, guilty of direct criminal contempt of court. The trial judge, on the finding, sentenced the defendant to one year in the House of Correction.

The only issue raised on appeal is whether the order of contempt set forth the facts out of which the contempt arose as is required.

We affirm.

The defendant filed *pro se* a petition for substitution of judge and attorney in a criminal action in which he was defendant. Subsequently, the matter of the petition was heard by the trial judge who read it in open court where the defendant acknowledged that he had indeed written the petition, signed it and affirmed its contents.

Among other things, the petition charged that the court was acting as a "Ku Klux Klan, Gestapo Setup, Jim Crow Justice and a Crime Syndicate * * *." And "to go into a conspiracy with my attorney to save face in a fraud."

The court then immediately ordered that since "this petition constitutes a direct criminal contempt upon the dignity and integrity of this Court * * * this defendant is hereby found guilty of direct criminal contempt of Court * * *."

■■ A contempt order which does not set out specific facts may include matters by reference, which matters are to be considered as a part of the order upon review. (*People v. Tavernier,* 384 Ill. 388, 51 N.E.2d 528; *People v. DeStefano,* 64 Ill.App.2d 368, 212 N.E.2d 368, *cert.* den. 385 U.S. 989.) The order clearly refers to the petition as the grounds for the finding of contempt.

■■ In any event, where the record on review contains the specific matter which is the subject of the contempt, the reviewing court may look at such record. *In re Dunagan,* 80 Ill.App.2d 117, 225 N.E.2d 119.

The conviction for direct criminal contempt is affirmed.

Judgment affirmed.

McNAMARA, P. J., and DEMPSEY, J., concur.