THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIAM B. CARR, Defendant-Petitioner.

(No. 56054;

First District—December 21, 1971.

Gerald W. Getty, Public Defender, of Chicago (Michael Weininger, Assistant Public Defender, of counsel,) and William B. Carr, *pro se,* for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (John J. Van Zeyl and Michael D. Stevenson, Assistant State's Attorneys, of counsel,) for the People.

Mr. JUSTICE SCHWARTZ delivered the opinion of the court:

Petitioner was convicted of armed robbery and sentenced to four to eight years in the State Penitentiary. Upon hearing the sentence, petitioner punched the Assistant State's Attorney in the nose. The following day the judge sentenced him to six months in the County Jail for direct contempt of court, the sentence to run consecutively with the sentence for armed robbery.

Carr petitions this court by letter from jail, alleging an agreement with the Public Defender's Office that his conviction for contempt of court would be appealed on the ground of double jeopardy. The attorney appointed to represent petitioner on appeal, Michael Weininger, filed a

motion and brief seeking to withdraw the proceeding for a review of the finding of contempt. The brief does not raise the possibility of double jeopardy. We will consider the two issues raised: (1) did the court err by imposing two sentences, as petitioner alleges, for contempt of court, and (2) if not, should we grant counsel's motion to withdraw from the appeal pursuant to *Anders v. California* (1967), 386 U.S. 738.

Petitioner contends that he is being punished twice for contempt of court since he served thirty days in solitary confinement as punishment for contempt and also was sentenced on March 31, 1971, to serve six months in the Cook County Jail for contempt. After a thorough search of the record, no indication of double jeopardy can be found. The only sentence dealing with contempt of court is the six month sentence handed down by Judge Epton. There is no mention of solitary confinement nor is there any record of the judge's ordering an investigation in the matter, as alleged by petitioner. Finding there was no double jeopardy, we proceed to consideration of counsel's motion to withdraw from the appeal.

■■■ Petitioner contends that punching the Assistant State's Attorney in the nose in open court was not direct contempt of court. Contempt of court has been defined as conduct calculated to embarrass, hinder or obstruct a court in its administration of justice or to derogate from its authority or dignity or to bring the administration of law into disrepute. (*People v. Gholson*, 412 Ill. 294, 106 N.E.2d 333.) We agree with counsel that it would be frivolous to argue that punching an Assistant State's Attorney in open court was not direct contempt of court.

■■ The next issue raised is that of petitioner's right to notice, hearing and counsel prior to a finding of contempt. The guidelines to be used in reviewing contempt orders are set forth in *People v. Loughran*, 2 Ill.2d 258, 263, 118 N.E.2d 310:

"In a direct criminal contempt proceeding, that is, for contempts committed in the presence of the judge, in court, which he observes and has personal knowledge of, no formal charge is filed and no plea, issue or trial is required. (*In re: Terry, 128 U.S. 289, 9 S. Ct. 77*). The contempt having been committed in the presence of the court, evidence is unnecessary and no record is made. (*People ex rel. Owens v. Hogan,* 256 Ill. 496). However, the accused has a right of appeal, and it is, therefore, necessary for the court to enter a written order setting forth fully and clearly the facts out of which the contempt arose so that the reviewing court may determine if the committing court had jurisdiction to enter the order. (*People v. Rongetti*, 344 Ill. 107). All the essential facts must be fully set forth and no part thereof can be supplied by presumptions or inferences (*People v. Tavernier*, 384 Ill. 388) and no facts which did not occur in the presence of the court should be taken

into consideration by the court in adjudging guilt or in fixing the punishment. *People v. Rongetti,* 344 Ill. 107."

The judge signed the required order which clearly sets forth the facts out of which the contempt arose. No notice or hearing necessary.

■■ The next issue is whether the petitioner had the right to a jury trial for contempt. Where a sentence for contempt is six months or less, a jury is not required. (*People ex rel. Illinois State Dental Society v. Taylor,* Ill. App.Ct., First Dist., No. 54440, 268 N.E.2d 463; *Cheff v. Schnackenberg* (1966), 384 U.S. 373.) It is clear beyond argument that petitioner was not entitled to a jury trial.

There is nothing in the record to support petitioner's claim of double jeopardy. Counsel for petitioner is permitted to withdraw pursuant to *Anders, supra.*

Defendant's petition denied; counsel's motion to withdraw allowed.

LEIGHTON, P. J., and STAMOS, J., concur.