CHARLOTTE A. KOTOWSKI, Plaintiff, *v.* ARTHUR P. KOTOWSKI, Defendant— (THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ARTHUR ELLIS, Defendant-Appellant.)

(No. 53917; ▉▉▉▉▉▉)

First District—December 23, 1971.

*Rehearing denied January 20, 1972.*

DEMPSEY, J., dissenting.

Ellis & Ellis of Chicago, (Morris Ellis, of counsel,) for appellants.

Edward V. Hanrahan, State's Attorney, of Chicago, (James L. Coburn, Assistant State's Attorney, and Daniel P. Coman, Chief of Civil Division, of counsel,) for the People.

Mr. PRESIDING JUSTICE McNAMARA delivered the opinion of the court:

This appeal is taken from a judgment order of the Circuit Court which found Arthur Ellis, an attorney, guilty of direct contempt of court and as punishment fined him $250. The alleged act of contempt occurred during a court hearing on a motion in a separate maintenance action. The issue presented is whether the contempt order contains sufficient facts to show that a direct contempt was committed.

No report of proceedings is available, and the order of court finding the contempt to have been committed constitutes the record. The pertinent parts of the order are as follows:

"Whereas, during a hearing of the above-entitled cause in this court, * * * in open court and in the presence of the said judge, and while the court was engaged in its regular business, hearing and determining causes pending before it, one Arthur Aaron Ellis, an attorney, was guilty of misbehavior in the immediate view and presence of said court as follows: Disorderly, contemptuous, and insolent behavior

toward the court and the judge thereof then present as aforesaid and falsely accusing the said judge of acting in collusion with one Herbert A. Glieberman, an attorney, in the improper handling of the above-entitled cause."

■■ Direct contempt, that is, contumacious acts committed within the observation of the judge in court may be adjudged and punished in a summary manner without prior notice, written charges, plea, issue or trial. (*People v. Berof*, 367 Ill. 454, 11 N.E.2d 936.) Since the act was committed in the presence of the court, evidence is unnecessary and no record need be made. (*People ex rel. Owens v. Hogan*, 256 Ill. 496, 100 N.E. 177.) However, the court must enter a written order finding contempt and reciting fully, clearly and specifically the facts from which the contempt arose in order to preserve a meaningful right of appeal. (*People v. Rongetti*, 344 Ill. 107, 176 N.E. 292.) Where there is no report of proceedings, as here, the reviewing court is bound to accept the verity of the allegations of fact set forth in the written order finding contempt. (*People v. White*, 8 Ill.App.2d 428, 131 N.E.2d 803.) All the essential facts must be fully set forth in the contempt order, and the reviewing court cannot supply missing specificity by the use of presumptions or inferences. (*People v. Tavernier*, 384 Ill. 388, 51 N.E.2d 528.) And as stated in *Tavernier*, at p. 393:

"* * * the law imposes upon those who defend the entry of the order the burden of having it contain facts sufficient to show that the court was warranted in entering the order."

■■ The first part of the charging order in the instant case recited that the accused was guilty of "Disorderly, contemptuous, and insolent behavior toward the court." That language amounts to a mere conclusion on the part of the trial judge unsupported by any findings of fact, and obviously cannot be the basis for a finding of contempt. The remaining part of the order charged the contemnor with "falsely accusing the said judge of acting in collusion with one Herbert A. Glieberman, an attorney, in the improper handling of the above-entitled cause." This language too fails to reveal the occurrences in the courtroom with sufficient particularity to allow this court on review to decide whether we could agree with the expressed conclusions of the trial judge. From the expressions "acting in collusion" and "improper handling," we are unable to determine what was said by the accused in the courtroom. While the language contained in the latter part of the order may reflect the accused's expressions more closely than that in the prior part of the charging order, this court nonetheless is required to speculate and presume as to the accused's statements in order to decide whether they were contumacious. As was stated in *People v. Loughran*, 2 Ill.2d 258, 263, 118 N.E.2d 310:

"The power to adjudge guilt and impose punishment without proof or examination, and without plea, trial or issue exists in no other situation or proceeding. It is an exception to our constitutional guarantees which we would regard as intolerable in any other proceedings or for any other purpose. It is readily susceptible of abuse and fraught with danger not only to personal liberties but to the respect and confidence which our courts must maintain. Although such a power is universally recognized as essential to an orderly and effective administration and execution of justice, it should be exercised with utmost caution and strictly restricted to acts and facts seen and known by the court, and no matter resting upon opinions, conclusions, presumptions or inferences should be considered."

■■ We recognize the vital need to uphold the dignity of the court. We also recognize that a statement reflecting on the integrity of a judge is an act of contempt. However, under the criteria set forth above, we must find that the State has failed to meet its burden of showing that the trial court was warranted in entering the order of contempt. Since direct contempt proceedings constitute an exception to constitutional guarantees of due process, it is imperative in order to preserve a meaningful review that the contempt order itself contain all the facts necessary to reveal the contumacious act. The order must recite facts, not conclusions, and these facts must be set forth fully, clearly and specifically. The instant contempt order contains only conclusions, and does not permit this court to determine whether an act of contempt was committed. Accordingly, the judgment of the Circuit Court is reversed.

Order reversed.

McGLOON, J., concurs.

Mr. JUSTICE DEMPSEY dissenting:

I agree that the first part of the contempt order finding the contemnor guilty of "Disorderly, contemptuous and insolent behavior" is too general to support summary punishment for contempt.

I disagree, however, that the second part of the order charging the contemnor with "falsely accusing the said judge of acting in collusion with one Herbert A. Glieberman, an attorney, in improper handling of the above-entitled cause" is too conclusory to sustain a guilty finding for direct contempt of court.

The second part of the order is specific and as complete a recitation of the facts as the circumstances permitted. It was specific: the contemnor made a direct and contemptuous accusation in open court; he charged the trial judge with acting in collusion with his adversary in improperly

handling the cause then on hearing. Collusion is an agreement for a fraudulent or deceitful purpose—a secret agreement to defraud a person of his rights. (Webster's Third New International Dictionary, 1967.) He named the party with whom the judge conspired and he stated the purpose of the collusion. Improper handling is doing something that should not be done, doing something wrong. The precise conduct of the contemnor was thus described. The only conclusional finding was the declaration that the accusation was false. This declaration was necessarily subjective and conclusional for the falsity of the accusation was within the court's knowledge.

The finding was as complete as the circumstances permitted; no court reporter transcribed the proceedings. Since a verbatim account of the colloquy was not at hand, it was necessary to reconstruct the contemnor's language or relate the substance of what he said. The latter was done. Stating the essential facts of his accusation was all that could be done and is all that is required. The declaration in the order that the contemnor accused the trial judge of collusion was an allegation of ultimate fact; it was the equivalent of quoting him as saying, "I accuse you of collusion" or "I charge that you and Attorney Glieberman have plotted together." The declaration that the contemnor charged the purpose of the collusion was the improper handling of the cause on trial, is equivalent to quoting him as saying, "Judge, you have been conniving to defraud my client" or "you and Glieberman have a secret agreement to deprive my client of his rights."

We must accept the facts set out in the contempt order as true. These facts constitute a flagrant act of contempt—an insulting reflection on the integrity of the judge made in open court before attorneys, court personnel and spectators.

The order should be affirmed.