THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* ANNIE MAE HARPER, Defendant-Appellant.

(No. 60744; ▮

First District (5th Division)—May 9, 1975.

James J. Doherty, Public Defender, of Chicago (Thomas F. Finegan, Assistant Public Defender, of counsel), for appellant.

Bernard Carey, State's Attorney, of Chicago (Laurence J. Bolon, Donald M. Devlin, and Robert Handelsman, Assistant State's Attorneys, of counsel), for the People.

Mr. JUSTICE DRUCKER delivered the opinion of the court:

Defendant was found guilty of direct contempt of court for her conduct during proceedings against her husband, Ellis Harper, and was sentenced to serve 90 days in the House of Correction. It is her basic contention on appeal that there is nothing in the record to support either the allegations in the complaint drawn up by the State or the order of the court finding her to be in contempt.

The record of the July 9, 1973, preliminary hearing of Ellis Harper indicates that those proceedings were twice interrupted. The first interruption occurred when a State's witness identified Ellis Harper as the perpetrator of a robbery:

"Q. Well, by him, who do you mean by him? Will you point to the person?

A. Him.

Q. Indicating the defendant [Ellis Harper] for the record.

Miss Harper: That's a lie.

The Court: Quiet."

The second interruption occurred immediately after the conclusion of the direct examination of this witness:

"Q. All this happened in the City of Chicago, County of Cook and State of Illinois?

A. Yes.

The Court: Keep your hand down. Who is that woman waving her hand? Does she have to go to the bathroom?

Mr. Holden [defense counsel]: I believe that's the defendant's wife.

The Court: Have her put her hand down. All right, cross examine."

At the conclusion of the proceedings against Ellis Harper the hearing judge had defendant taken into custody and issued the following oral contempt order:

"Let the record indicate that while the Ellis Harper case was being presented to the Court, this woman here, Annie Mae Harper, was creating a disturbance in the Court.

\* \* \*

For the activity she created in this Court, while the Court was in session and also threatening the witnesses in Court, I find you in contempt. I sentence you to 90 days in the House of Correction."

A complaint was subsequently drawn up by the State which stated that Annie Mae Harper:

"\* \* \* committed the offense of Direct Contempt in that she did impune [sic] the dignity of the court and impede the orderly functioning of the Court by threatening Mary Barnett, a witness in case of People v. E. Harbor [sic] case # H310639 in open court before Judge Olsen and did further create a disturbance by being drunk and disorderly and therefore having to be restrained and physically removed from the courtroom."

OPINION

■■ Generally a direct contempt of court is a contempt committed in the presence of the court while it is in session (*People v. Skar,* 30 Ill.2d 491, 198 N.E.2d 101) rendering all the elements of the offense matters within its own personal knowledge. (*People v. Koniecki,* 28 Ill.App.2d 483, 171 N.E.2d 666.) In such cases no formal charge is filed and no plea, issue or trial is required. The contempt having been committed in the presence of the court, evidence is unnecessary, and no record is made. However, since the accused has the right of appeal, it is necessary for the court to enter a written order setting forth fully and clearly the facts out of which the contempt arose. (*People v. Loughran,* 2 Ill.2d 258, 118 N.E.2d 310.) Since it is not unusual in contempt cases for there to be "no record of proceedings for examination on review, as there has been no formal hearing," often the reviewing court "has no source of information other than the trial court's order adjudging contempt." (*People v. Jashunsky,* 51 Ill.2d 220, 226, 282 N.E.2d 1.) However, when there is a report of proceedings, it, as well as the order of the trial court, will be considered in weighing the propriety of the order

of contempt. (*People v. Tomashevsky,* 48 Ill.2d 559, 273 N.E.2d 398.) Indeed, it has been held that since the report of proceedings reflects what actually occurred in open court, "the findings in the order [of contempt], if in conflict with the report of proceedings, do not control * * *." *People v. White,* 8 Ill.App.2d 428, 434, 131 N.E.2d 803; see also *Tomashevsky,* at 564.

■■ In the case at bar the oral order of the court generally found that defendant created a disturbance and threatened witnesses. The complaint, drafted subsequent to the finding of contempt, alleged that she was drunk and had to be physically restrained and removed from the courtroom. We find nothing in the record to support either these allegations or these findings. Rather, it appears that the conduct of defendant, while not exemplary, merely caused two momentary interruptions in the proceedings against Ellis Harper. On this basis we do not feel that the court below was warranted in entering the order of contempt and sentencing defendant to a 90-day jail term. While we recognize the vital need for the summary direct contempt procedure as a mechanism to uphold the dignity of the court, we believe that in the instant case the finding against defendant was incorrect. (*Cf. Kotowski v. Kotowski,* 3 Ill.App.3d 231, 278 N.E.2d 856.) Accordingly the judgment entered below is reversed.

Reversed.

LORENZ and SULLIVAN, JJ., concur.