THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* PERRIN STEWART, III, Defendant-Appellant.

First District (1st Division)    No. 76-1468

Opinion filed March 27, 1978.

Howard T. Savage and Patricia Unsinn, both of Chicago, for appellant.

Bernard Carey, State's Attorney, of Chicago (Charles A. Powell, Assistant State's Attorney, of counsel), for the People.

Mr. JUSTICE McGLOON delivered the opinion of the court:

While testifying as the People's witness in a murder and aggravated battery prosecution, defendant Perrin Stewart III exhibited symptoms similar to one who is under the influence of narcotics. After a sidebar conference, the trial judge requested Stewart to submit to a urine test in order to determine the presence of narcotics in his body. After conferring with an attorney, Stewart refused to submit to the test and was thereafter found in direct criminal contempt. He was sentenced to serve 90 days imprisonment.

On appeal Stewart argues that the trial court should not have found him in contempt of court inasmuch as (1) drug addiction goes only to the credibility of a witness and (2) his refusal did not obstruct or impede the administration of justice.

We reverse.

The facts are not disputed. While testifying as one of two key witnesses in a murder and aggravated battery jury trial, Perrin Stewart III exhibited peculiar mannerisms. These mannerisms consisted of slurred speech, a "running nose," and slumping in the witness stand. During liberal cross- and re-cross-examination, Stewart stated he had not used heroin in two years and that he was not under the influence of drugs.

In a sidebar conference, the defense lawyer requested the court to require Stewart to submit to a urine test in order to determine whether there were narcotics present in his body. It was the opinion of the defense lawyer that the mannerisms exhibited by Stewart indicated that he was under the influence of narcotics.

The prosecuting attorney responded that he contacted Stewart on

several occasions prior to trial and at no time was his demeanor different from that displayed at trial. He stated further that extensive skull and brain injuries sustained by Stewart at an earlier date could account for his current slurring of words and slowness in speech. Also argued was that there existed no compelling reason to require a urine test since whether Stewart was under the influence of narcotics affected only his credibility, not his competency.

The court noted that Stewart's responses were slow and sometimes contradictory. On the basis of these facts, the court ordered Stewart to submit to a urine test. Upon inquiry by the prosecuting attorney, the court stated that it would not determine whether Stewart was under the influence of narcotics as a result of this test, but rather, that the jury could consider the results of the test in determining the credibility of the witness.

Stewart was then given an opportunity to consult with an attorney. After doing so, Stewart politely refused to submit to the test. The court then found Stewart in direct criminal contempt and imposed a sentence of 90 days imprisonment. Upon being informed of his right to appeal, Stewart responded:

> "Thank you, you Honor. And I just want to get it cleared with you. That this, that I've done as far as not wanting to take the urine test is no disrespect to you."

A direct contempt order was entered *nunc pro tunc* 4½ months later. In the interim, Stewart filed the instant appeal.

■■ To sustain a finding of direct contempt of court, it must be shown that the particular conduct was calculated to embarrass, hinder or obstruct the court in its administration of justice, or to lessen its authority of dignity, or to bring the administration of law into dispute. (*People v. Toomin* (1974), 18 Ill. App. 3d 824, 310 N.E.2d 767.) In *Toomin*, a defense attorney was held in direct contempt of court for refusing to disclose how he obtained a police report used by him to impeach the testimony of a police officer. On appeal, the court held that such conduct was not contemptuous because it was not calculated to obstruct justice or to affront the dignity of the court.

A conviction for direct contempt was reversed in *People v. Harper* (1975), 28 Ill. App. 3d 820, 329 N.E.2d 496, as unwarranted where the conduct of defendant, while not exemplary, merely caused two momentary interruptions in proceedings against defendant's husband. In *People v. Koniecki* (1961), 28 Ill. App. 2d 483, 171 N.E.2d 666, a witness for the prosecution twice refused to testify, causing a delay in the trial. When he finally testified, he made inconsistent statements and stated that he was in fear for his safety. The witness was convicted of direct

contempt, but the reviewing court reversed because the record did not disclose that he was deliberately trifling with the court.

■■ Similarly, it is our view that the facts in this case do not warrant the trial court's finding that Stewart's conduct was contemptuous. In refusing to obey the order of the court that he submit to a urine test, Stewart did not embarrass, hinder or obstruct the administration of justice. The case proceeded without impediment as Stewart responded to all questions put to him both on direct and cross-examination. Further, the rights of the defendants were not jeopardized since the jury was aware of Stewart's familarity with narcotics and could determine his credibility accordingly. In fact, we believe that a urine test was not even required in this case inasmuch as drug addiction goes only to the credibility of the witness, (*People v. Dixon* (1961), 22 Ill. 2d 513, 177 N.E.2d 224), and here, the jury had sufficient facts to determine Stewart's credibility.

For the foregoing reasons, the judgment of the circuit court of Cook County finding Perrin Stewart III in direct criminal contempt is reversed.

Judgment reversed.

GOLDBERG, P. J., and O'CONNOR, J., concur.