PAIGE - DETROIT MOTOR CAR COMPANY, A CORPORATION, *Plaintiff in Error,* v. N. C. PINTADO, *Defendant in Error.*

Opinion Filed August 12, 1921.

1. Where a person conducts a garage and is engaged in selling automobiles manufactured by a certain manufacturing company, the question whether the relation of principal and agent exists between the manufacturer and the person operating the garage will be determined by the terms of the written contract entered into by them in the absence of any act or admission by the manufacturer that the person operating the garage was authorized to bind the manufacturer by contract in the sale of automobiles manufactured by the company.

2. When an action is brought by the purchaser of an automobile against the manufacturer to recover an overcharge on the price of a car purchased from a person operating a garage who held himself out as a "distributor" of cars of the kind purchased, the burden of proving the seller's agency for the manufacturer is upon the plaintiff, and the burden cannot be met successfully by proving the acts and declarations of the seller and purchaser indicating the existence of such relation or the purchaser's belief that it existed.

A Writ of Error to the Circuit Court for Monroe County; H. Pierce Branning, Judge.

Judgment reversed.

*Patterson & Harris* and *Wm. H. Malone,* for Plaintiff in Error;

*J. F. Busto* and *H. H. Taylor,* for Defendant in Error.

ELLIS, J.—The only question presented by the record in this case is one of agency.  About the first of January, 1921, Doctor Pintado, the defendant in error, entered into a contract with Mr. W. Wilson in the City of Key West for the purchase of an automobile manufactured by the Paige-Detroit Motor Car Company of Detroit, Michigan. Mr. Wilson conducted a garage in Key West and held himself out as a distributor of Paige Motor Cars.  The price which Dr. Pintado agreed to pay Mr. Wilson for the automobile was $1670.00 on board the cars at Detroit, Michigan and to bind the trade he deposited in the First National Bank of Key West the sum of $500.00 to the credit of the ''Paige-Detroit Motor Co.''  The deposit, however, was subject to the disposal of Mr. Wilson.  That is to say the $500.00 at the time it was deposited was not to be drawn by the Paige-Detroit Motor Car Company but was subject only to be withdrawn by Mr. Wilson.

Several months after this transaction a Paige automobile was delivered by Mr. Wilson to Dr. Pintado and the amount collected was $1621.20 making a total which Dr. Pintado paid for the car of $2121.20, which allowing for the freight and tax was about $255.00 more than he had agreed with Mr. Wilson to pay for the car.  An action was begun by Dr. Pintado to recover the overcharge of $255.00.

The Paige-Detroit Motor Car Company was made the defendant.  The declaration contains one special count on the contract, the breach consisting of the overcharge of $255.00 and six common counts for work done and material furnished, for money paid, for money received and accounts stated and for interest.  The defendant pleaded that it never was indebted and denied that there was any contract between it and Dr. Pintado and denied Mr. Wilson's

agency and his authority for making any such contract in behalf of the defendant.

Issue was joined upon these pleas and the cause submitted to a jury who returned a verdict for the plaintiff in the sum of $255.00 and judgment was entered therefor which the defendant seeks to reverse upon writ of error. The defendant made a motion for a new trial upon the ground that the verdict was contrary to the evidence and contrary to the law given to the jury by the Court. The motion was denied and this ruling is assigned as error.

An examination of the evidence in this case fails to disclose that the relation of principal and agent existed between the defendant in this case and Mr. Wilson who sold the car to Dr. Pintado. The action was against the Paige-Detroit Motor Car Company, the contract for the sale of the car to Dr. Pintado was alleged to be the company's contract and the money collected in excess of the amount agreed by Dr. Pintado to be paid for the car was claimed to have been collected by the company. But the transaction from beginning to end was between Mr. Wilson and Dr. Pintado and the only question is whether in that transaction Mr. Wilson was acting for the defendant as its agent with authority to make the contract alleged or whether he was acting individually and upon his own responsibility.

The plaintiff in the action below undertook to establish the agency of Mr. Wilson by showing, first that the check of $500.00 paid on account of the purchase price of the car to bind the bargain was deposited in the name of the "Paige-Detroit Motor Co." But that circumstance was not sufficient to establish the fact of Mr. Wilson's agency nor to show that the transaction was with the Motor Car

Company, because when the money was deposited Mr. Wilson sugested that it should be deposited in his name but the Doctor insisted upon depositing it in the name of the "Paige-Detroit Motor Co.", but it was received by the bank according to the testimony of the cashier subject to withdrawal by Mr. Wilson and not subject to be withdrawn by the defendant. In other words it was a deposit to the credit of Mr. Wilson in the name of the "Paige-Detroit Motor Co." Another fact which the plaintiff established to show the agency of Mr. Wilson for the defendant in the case was an advertisement of the Paige Car which appeared in the "Key West Citizen" a newspaper published in that city which announced that the Wilson Garage was distributor of the Paige Motor Car in Key West, Fla., and that the advertisement was paid for by Mr. Wilson. It was also shown by the plaintiff that the final payment of $1621.20 was made by check payable to Wilson & Pender, Agents. But neither of these circumstances are sufficient to establish the agency of Mr. Wilson, who testified that he bought the cars and sold them upon his own responsibility and not as the agent of the defendant company.

It also appears that the car was sold to Dr. Pintado subject to an advance in price without notice and that the car which he received advanced in price and was delivered through Screven-Bond Company of Jacksonville, who also buy and sell Paige cars and are in that sense distributors but not agents of the defendant company with power to bind it by contract.

There was offered in behalf of the plaintiff to establish the agency of Mr. Wilson an agreement between the defendant and the Wilson Garage by Mr. Wilson. The agreement is a lengthy document and is entitled "Sales Agreement Passenger Cars." By this agreemnt the Wilson Garage,

called the General Dealer in the instrument, merely acquired certain rights and privileges as a dealer in automobiles manufactured by the Paige-Detroit Motor Car Company in consideration of Wilson's promise to canvass all portions of the territory allotted to the Wilson Garage for the sale of automobiles manufactured by the company. For this service the Wilson Garage called the General Dealer was to receive certain discounts from the catalogue price of certain models of cars.  This discount was graded according to the number of cars which the dealer should purchase from the defendant corporation.   The General Dealer agreeing among other things to advertise Paige cars regularly in the newspapers of the local territory, one half of the cost of such advertisements to be paid by the company, one half by the dealer and it was expressly agreed that he was in "no way the legal representative or agent of the party of the first part (Paige-Detroit Motor Car Company) and has no right or authority from it to assume any obligation of any kind, expressed or implied, on behalf of the party of the first part, or accept service of any kind addressed to or intended for the party of the first part by any action contrary to the intent and meaning of this paragraph."

The relation between the Wilson Garage and the defendant corporation must be determined by the contract because there is no evidence whatsoever of any acts on the part of the defendant company from which it could be inferred that the defendant authorized the Wilson Garage or Mr. Wilson to hold himself out as the agent of the defendant and as is said by Mr. Huddy on Automobiles, 5 Edition, Sec. 785, the general rule is that the relation between the manufacturer and the dealer is not that of

principal and agent and the manufacturer is not bound by the statements or conduct of the dealer.

If Dr. Pintado had failed to complete the purchase of the automobile the defendant company would have had no right to sue him on the contract and the $500.00 deposited when the contract was entered into would not have gone to the defendant company but to Mr. Wilson. The fact that the defendant company required Mr. Wilson to advertise the Paige cars and to keep on exhibition one of its models and to thoroughly canvass the territory and endeavor to make sales of Paige cars and that it warranted the parts for a time were mere incidents of the contract of sale between the defendant company and the Wilson Garage.

The plaintiff below having failed to establish the relation of principal and agent between the defendant and Mr. Wilson he wholly failed to establish any cause of action against the defendant and the verdict in his favor was therefore erroneous and the action of the Court in denying a new trial was erroneous.

So the judgment is reversed.

BROWNE, C. J., AND TAYLOR AND WHITFIELD, J. J., concur.

WEST, J., dissents.

WEST, J., Dissenting.—Upon the question involved in this case there is, in my opinion, sufficient evidence to support the verdict of the jury finding the fact to be that the relation of principal and agent existed between the

alleged agent and plaintiff in error, the alleged principal, and such finding having the sanction of the trial court should not be disturbed by this Court.