## SHEMAITIS v. REID.

### No. 10444.

United States Court of Appeals
Seventh Circuit.

Dec. 18, 1951.

Edward B. Lane, Forest Park, Ill., for appellant.

William A. McSwain, Howard F. Husum, Chicago, Ill., for appellee.

Before KERNER, LINDLEY, and SWAIM, Circuit Judges.

KERNER, Circuit Judge.

This is an appeal from a judgment dismissing plaintiff's complaint brought to recover damages for false arrest and imprisonment. Defendant is a judge of the Circuit Court of Cook County, Illinois, a court

of record and of general jurisdiction. Both plaintiff and defendant are citizens of Illinois, and the question is whether the District Court had jurisdiction.

In his complaint plaintiff alleged that defendant, as a judge of the Circuit Court of Cook County, presided in a partition suit brought against plaintiff; that in that action it was decreed that the real estate involved therein be sold; that it was sold, and on December 7, 1948, the court ordered plaintiff to vacate and surrender possession of the premises to the purchaser; and that thereafter defendant, acting as judge, ordered plaintiff, as defendant in the partition suit, to show cause why he should not be held in contempt of court for having failed to obey the order to vacate and surrender the premises.

The complaint further alleged that notwithstanding that plaintiff claimed the Circuit Court of Cook County did not have jurisdiction to enter an order directing plaintiff to vacate the premises, defendant as judge of that court, after hearing the evidence, unlawfully held plaintiff in contempt of court for having failed to obey the court's order to vacate the premises and plaintiff was taken into custody by the Sheriff of Cook County.

■ No district court of the United States may entertain any suit of a civil nature unless jurisdiction to entertain it be given either by the Constitution, Art. 3, § 2, or by some federal statute enacted in conformity therewith. In the District Court plaintiff claimed that defendant had deprived him of rights guaranteed him by the Fourteenth Amendment to the Constitution of the United States. The court, however, dismissed the suit on the ground that the action did not arise under any article of the Constitution.

■ The Fourteenth Amendment prohibits a State from depriving any person of life, liberty or property without due process of law, but this adds nothing to the rights of one citizen as against another. United States v. Cruikshank, 92 U.S. 542, 554, 23 L.Ed. 588. The Amendment inhibits only such action as may fairly be said to be that of the States. Shelley v. Kraemer, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161. However, the Amendment in no way undertakes to control the power of a State to determine by what process legal rights may be asserted or legal obligations be enforced, provided the method of procedure adopted for these purposes gives reasonable notice and affords fair opportunity to be heard before the issues are decided. Iowa Central Ry. Co. v. State of Iowa, 160 U.S. 389, 393, 16 S.Ct. 344, 40 L.Ed. 467. As already observed, the Circuit Court of Cook County, Illinois, is a court of record, and has jurisdiction of all causes in law and equity with power to hear and determine the subject matter in controversy. If the law confers the power to render a judgment, then the court has jurisdiction. Jurisdiction, however, does not depend upon the decision of the case.

■ Here a petition was filed in a court having jurisdiction to render judgment upon the rights of the parties. The petition prayed that plaintiff show cause why he should not be held in contempt of court for his failure to obey the order of the court directing him to surrender possession of the premises sold pursuant to the judgment of the court. Plaintiff had due notice of the filing of the petition and the entry of the order to show cause. There was a hearing before the court, and the court, after consideration of all the evidence, adjudged plaintiff guilty of contempt of court. There is here no claim that the hearing was not conducted according to the legal and usual method of procedure, and the facts above set forth do not establish that plaintiff had a constitutional right to have a different procedure than that followed by defendant as judge of the Circuit Court of Cook County, Illinois, hence the judgment entered was the result of due process. Nor can it be said that the action of defendant in holding plaintiff guilty of contempt of court was that of the State of Illinois. It is State action of a particular character that is prohibited. Individual invasion of individual rights is not the subject of the Fourteenth Amendment. The Civil Rights cases, 109 U.S. 3, 11, 3 S.Ct. 18, 27 L.Ed. 835. Whether defendant, as a judge, may have been mistaken in the facts,

or may have misconceived the law, did not affect the validity of the judgment, and the judgment, whether right or wrong, was valid and binding until set aside by proper proceedings. Even if it is assumed that the judgment was wrong, a want of due process is not established by showing that the decision is erroneous. Such an error (a matter we do not decide) would affect merely a matter of State law and practice. It would in no way be dependent upon the Constitution of the United States or upon any act of Congress. Iowa Central Ry. Co. v. State of Iowa, 160 U.S. 389, 393, 16 S. Ct. 344, 40 L.Ed. 467. We conclude that the facts alleged were insufficient to support the existence of a constitutional question such as would vest jurisdiction in the District Court. See Campo v. Niemeyer, 7 Cir., 182 F.2d 115, and cases cited therein. It follows that the court did not err in dismissing the complaint.

Affirmed.