**DENNIS v. WILLYS–OVERLAND MOTORS, Inc.**

**No. 8121.**

United States District Court
W. D. Missouri, W. D.

May 5, 1953.

. Warrick, Brewer, Lamkin & Myers, Kansas City, Mo., for plaintiff.

Shughart & Thomson, Kansas City, Mo., for defendant.

REEVES, Chief Judge.

The defendant has incorporated in its answer motions to dismiss each of the counts of the complaint. It puts emphasis upon the second count. The first count charges negligence in the manufacture of an automobile ultimately purchased by the plaintiff. The second count charges implied warranty of the fitness of the automobile for use in favor of the plaintiff.

The automobile was purchased from McClendon Motors, Inc., Kansas City, Missouri. It was not an agent of the defendant. The automobile was sold by it to the plaintiff. Privity of contract, therefore, would only exist between the seller and the purchaser. This would not apply so far as negligence in manufacture is concerned. The motion to dismiss the first count of the complaint should be overruled.

On the second count, the motion to dismiss should be sustained. The St. Louis Court of Appeals in Worley v. Procter & Gamble Mfg. Co., 253 S.W.2d 532, loc. cit. 535, expressed the law as follows:

"Where a consumer elects to sue for a breach of warranty the great majority of courts have held that there is no cause of action if the parties are not in privity."

Numerous Missouri cases, as well as cases from other states, are cited in support of this proposition. The only exceptions to the rule are cases where foods, etc., are involved.

It would follow that the motion to dismiss on the second count should be sustained.