**J. Hugh SMITH (Plaintiff), Appellant,**

v.

**FORD MOTOR COMPANY, a corporation (Defendant), Respondent.**

No. 30333.

St. Louis Court of Appeals.

Missouri.

Sept. 15, 1959.

Rehearing Denied Oct. 16, 1959.

J. Hugh Smith, pro se.

Oliver & Oliver, Gerald B. Rowan, Cape Girardeau, for respondent.

WOLFE, Presiding Judge.

This action was brought upon an alleged breach of warranty respecting an automobile purchased by the plaintiff. The car was purchased from a dealer who sold Mercury automobiles manufactured by the defendant. The defendant, after duly answering, moved for a judgment on the pleadings. It is from this judgment dismissing his petition that the plaintiff has appealed.

The petition alleged that on April 20, 1957 the plaintiff purchased a Mercury automobile from the Goodwin Motor Company. It alleged that this company was a "respresentative, dealer or agent" of the defendant. It was also alleged that in June of 1957 the plaintiff purchased some additional equipment for the sum of $334.31. He paid cash for the car and the equipment subsequently purchased in the total sum of $4,703.31.

It was alleged that the defendant "impliedly represented to the plaintiff, the ultimate purchaser, that said automobile was safe and dependable, properly constructed, workable and in good condition and free from defects." It was stated that the car was defective in the following particulars:

"Defective and improperly constructed wheels which caused abnormal wear on tires so that the same became useless within a short time;

"windshield wipers which did not and do not operate properly in that the same do not operate so as to clear the windshield of said automobile quickly enough for vision during rain or as quickly as other automobiles generally for such purpose;

"power steering which has repeatedly become and is now useless, faulty and defective;

"a power antenna and radio which were and are faulty, defective and partially inoperative;

"a power seat which is faulty and defective;

"the entire system of mechanism which serves to operate said car mechanically, in that said automobile was and is so constructed that liquid, water and antifreeze, escapes from the radiator thereof in great quantities and frequently, causing subsequent overheating, in turn causing said automobile to become inoperative and useless on many occasions, which said defects caused various other portions of said mechanism to become damaged, particularly the motor which was thereby caused to consume and does consume greatly excessive quantities of oil; and plaintiff is informed by various dealers of the defendant and alleges that said damage has become extensive, serious and highly costly in repairing or in the lesser value of said automobile;

"in leaky and improperly constructed air vents at the top sides of the inside of said automobile;

"floor mats which were defective and became useless within a few days;

"in a system of speedometer and odometers which were and are defective, faulty and inoperative."

Plaintiff alleged that the defects set out were present at the time of the purchase or developed within ninety days thereafter and before the car had traveled 4,000 miles. He stated that the dealer was unable to properly correct the defects mentioned, and he made in the petition an offer of a tender of the automobile to the defendant. He alleged expenditures for repairs and damages by reason of loss of use of the automobile. He concluded his petition with a prayer for a judgment for all money paid the dealer for the purchase of the car and the extra equipment plus the repair cost and damages for loss of use. The total recovery sought was $6,971.09.

The defendant's answer denied that it had any transaction with the plaintiff and alleged that it sold the car in question to the Goodwin Motor Company, that the Goodwin Motor Company paid the defendant for the car, and that no part of the money that plaintiff paid to the Goodwin Motor Company was paid to the defendant. It alleged that the relation with the Goodwin Motor Company is governed by a contract in which the Goodwin Motor Company is not an agent of the defendant but a dealer. The contract contains the following relevant clauses:

"This agreement does not in any way create the relationship of principal and agent between the Company and the Dealer; and under no circumstances shall the Dealer be considered to be the agent of the Company. The Dealer shall not act or attempt to act, or represent himself, directly or by implication, as agent of the Company or

in any manner assume or create, or attempt to assume or create, any obligation on behalf of or in the name of the Company.

&ast; &ast; &ast; &ast; &ast; &ast;

"The Company Warranty. The Company warrants to the Dealer (except as hereinafter provided) each part of each Company Product sold by the Company to the Dealer to be free under normal use and service from defects in material and workmanship for a period of ninety (90) days from the date of delivery of such product to the original retail purchaser, or until each product has been driven, used or operated for a distance of four thousand (4,000) miles, whichever event first shall occur. The Company makes no warranty whatsoever with respect to tires or tubes. The Company's obligation under this warranty is limited to replacement, without charge to the Dealer, of such parts as shall be returned to the Company and as shall be acknowledged by the Company to be defective, or to credit the Dealer therefor as provided in subparagraph 10(c) hereof. The Dealer shall notify the Company of any such defective part of which the Dealer obtains knowledge within twenty (20) days after the Dealer obtains such knowledge. This warranty shall not apply to any Company Product that has been subject to misuse, negligence or accident, or in which parts not made or supplied by the Company shall have been used if, in the determination of the Company, such use shall have affected its performance, stability or reliability, or which shall have been altered or repaired outside of the Company's own factory in a manner which, in the determination of the Company, shall have affected its performance, stability or reliability. This warranty is expressly in lieu of all other warranties, express or implied, and of all other obligations or liabilities on the part of the Company, except such obligation or liability as the Company may have assumed as stated in its Warranty and Policy Manual for Authorized Mercury Dealers or other separate written instrument.

"The Dealer Warranty. The Dealer, acting on the Dealer's own behalf only, shall extend a written warranty substantially the same as the warranty extended to the Dealer in subparagraph 10(a), and in form satisfactory to the Company, in connection with each retail sale by the Dealer of a Vehicle, each sale by the Dealer of a Company Product to another authorized Mercury Dealer, and each sale by the Dealer, whether at wholesale or retail, of a part, accessory or equipment for a Company Product. The Dealer shall perform and fulfill promptly all of the terms and conditions of each such warranty."

Plaintiff seems to base his petition on an implied warranty in the first place, and he later follows this with an averment that the defects complained of "were present at the time of the purchase or developed within ninety days or 4,000 miles of travel of said automobile &ast; &ast; &ast;." This unquestionably has reference to the dealer's written warranty mentioned in the dealer's contract. The burden of plaintiff's argument, however, is directed to the theory that there was an implied warranty by the defendant manufacturer that none of the defects of which he complains were present. He contends that this implied warranty is not defeated by lack of privity between the plaintiff and the manufacturer. He bottoms this view chiefly upon two cases by this court, Worley v. Proctor & Gamble Mfg. Co., 241 Mo.App. 1114, 253 S.W.2d 532, and Williams v. Coca-Cola Bottling Company, Mo.App., 285 S.W.2d 53.

■ The general rule of law is that only the person in privity with the warrantor may recover on a warranty. The exception to the rule is that goods intended for human consumption carry to the ultimate pur-

chaser an implied warranty of fitness. This rule was extended in the case of Worley v. Proctor & Gamble Mfg. Co. to include packaged soap products which were alleged by the plaintiff to have caused skin irritation. The case of Williams v. Coca-Cola Bottling Company falls within the exception mentioned. In that case the plaintiff drank some impure Coca Cola and became ill from the effects of it.

It is argued that we should extend this exception to facts alleged in the petition, citing Baxter v. Ford Motor Co., 168 Wash. 456, 12 P.2d 409; 15 P.2d 1118, 88 A.L.R. 521, and Bahlman v. Hudson Motor Car Co., 290 Mich. 683, 288 N.W. 309. Both of these cases were actions to recover damages arising out of personal injuries. In the Baxter case the manufacturer had advertised a shatter-proof windshield, which did shatter when struck by a pebble and put out the eye of its purchaser. In the Bahlman case the offending and injuring portion of the automobile was a seam in the top of a car that had been advertised as having a seamless top. The qualities advertised and stated were definite fixed and ascertainable qualities in both instances. In both instances they were falsely stated, and the parts in question caused injury. In these cases where recovery has been allowed upon an implied warranty to the purchaser there has been an injury and an element of tort present as recognized in the Worley case. It is to such situations that an implied warranty to the ultimate purchaser may be relied upon. Dotson v. International Harvester Company, 365 Mo. 625, 285 S.W.2d 585; Dennis v. Willys-Overland Motors, D.C., 111 F.Supp. 875; Turner v. Edison Storage Battery Co., 248 N.Y. 73, 161 N.E. 423.

The only warranty that the plaintiff received was an incident of the sale. He bought the car from the Goodwin Motor Company. This company was not an agent of the manufacturer under the terms of its contract as a dealer. It has been consistently so held in construing similar contracts. Burkhalter v. Ford Motor Co., 29 Ga.App. 592, 116 S.E. 333; S. B. McMaster, Inc. v. Chevrolet Motor Co., D.C., 3 F.2d 469; Westerdale v. Kaiser-Frazer Corp., 6 N.J. 571, 80 A.2d 91.

It therefore follows that there was no privity between the plaintiff and the manufacturer, and under the facts pleaded no warranty, either expressed or implied, could exist.

The judgment dismissing the petition is affirmed.

ANDERSON and RUDDY, JJ., concur.