Patricia T. Kenwick, Plaintiff-Appellant, v. Anthony N. Kenwick, Defendant-Appellee.
People of the State of Illinois, Appellee, v. Patricia T. Kenwick, Contemnor-Appellant.

Gen. No. 48,970.

First District, First Division.

April 15, 1963.

McCarthy, Witry, Lyon & McCarthy, of Chicago, for contemnor-appellant.

Daniel P. Ward, State's Attorney of Cook County, of Chicago (Edward J. Hladis and Marvin E. Aspen, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE MURPHY delivered the opinion of the court.

This is an appeal by Patricia T. Kenwick, respondent, from a direct contempt order entered in a divorce proceeding. The court found that she had "knowingly and wilfully testified falsely" and sentenced her to the County Jail of Cook County for a period of 15 days.

The facts upon which the finding was entered are recited in the order of court. In a post-decree petition seeking a rule to show cause, Patricia Kenwick alleged under oath that her former husband had tampered with her automobile in violation of a restraining order. At the hearing on the petition, her former husband denied the charges and, both parties consenting, the trial court ordered them to submit to a polygraph examination.

In the contempt order, without setting forth the questioned testimony, the court found "as a result of said polygraph examination that the testimony of the defendant, denying the said allegations was true and that the testimony of [Patricia Kenwick] with respect thereto was false; that the filing of the petition for

109

a rule to show cause was solely for the purpose of putting in motion a proceeding which tended to put justice and the administration thereof in disrepute." The court further found that Patricia Kenwick "failed to establish the charges in said petition and knowingly and wilfully testified falsely concerning the same and by reason thereof . . . has committed a direct contempt of this court."

Direct contempt, that is, contumacious acts committed in court and in the presence of the judge, which he observes and of which he thus has personal knowledge, may be adjudged and punished in a summary manner without prior notice, written charges, plea, issue or trial. (People v. Berof, 367 Ill 454, 11 NE2d 936 (1937); People v. Sherwin, 353 Ill 525, 187 NE 441 (1933); Ex parte Terry, 128 US 289 (1888).) If the contempt alleged is indirect rather than direct —i. e., "one which in whole or in an essential part occurred out of the presence of the court and which is therefore dependent for its proof upon evidence of some kind"—then constitutional requirements of due process demand that notice, citation or rule to show cause be served upon the alleged contemnor. People v. Sherwin, 353 Ill 525, 528, 187 NE 441; People v. Gholson, 412 Ill 294, 299, 106 NE2d 333 (1952).

In a direct contempt proceeding, the act having been committed in the presence of the court, evidence is unnecessary and no record need be made. (People ex rel. Owens v. Hogan, 256 Ill 496, 499, 100 NE 177 (1912).) But the accused has a right of appeal, and it is therefore necessary for the court to enter a written order, setting forth fully, clearly, and specifically, the facts out of which the contempt arose, so that the reviewing court may determine if the committing court properly entered the order. (People v. Rongetti, 344 Ill 107, 176 NE 292 (1931); People ex rel. Andrews v. Hassakis, 6 Ill2d 463, 129 NE2d 9

(1955).) As stated in People v. Loughran, 2 Ill2d 258, at page 263, 118 NE2d 310 (1954):

> "All the essential facts must be fully set forth and no part thereof can be supplied by presumptions or inferences (People v. Tavernier, 384 Ill 388,) and no facts which did not occur in the presence of the court should be taken into consideration by the court in adjudging guilt or in fixing the punishment. People v. Rongetti, 344 Ill 107."

█ Tested by the application of these principles, we conclude that the order here considered cannot stand, because the court's finding that respondent's sworn testimony was false is based on the "result of [a] polygraph examination" administered at a detective agency. The order thus affirmatively indicates that all elements of the alleged offense were *not* matters within the personal knowledge of the court. There is nothing in the order which discloses that the court personally knew or could have known that respondent's testimony was false. The alleged false swearing was not admitted by respondent, and the finding of perjury was based solely upon extrinsic evidence— the polygraph examination—to which the court assigned conclusive probative weight. In such a case, respondent's testimony could not, and did not, constitute a direct contempt. (People v. LaScola, 282 Ill App 328 (1935); People ex rel. Butwill v. Butwill, 312 Ill App 218, 38 NE2d 377 (1941); People v. Berof, 367 Ill 454, 11 NE2d 936 (1937); People v. Harrison, 403 Ill 320, 86 NE2d 208 (1949).) The power summarily to punish for direct contempt "should be exercised with utmost caution and strictly restricted to acts and facts seen and known by the court, and no matter resting upon opinions, conclusions, presump-

111

tions or inferences should be considered." People v. Loughran, 2 Ill2d 258, 263, 118 NE2d 310 (1954).

For the reasons given, the order of the trial court is reversed and respondent is ordered discharged.

Reversed.

BURMAN, P. J. and ENGLISH, J., concur.