Theodosia L. Washington, Plaintiff, v. Courtesy Motor Sales, Inc., and Ford Motor Company, Defendants. Theodosia L. Washington, Plaintiff-Appellant, v. Ford Motor Company, Certain Defendant-Appellee.

Gen. No. 49,332.

First District, First Division.

April 27, 1964.

Benjamin C. Duster, Geter & Geter, of Chicago (Howard D. Geter, Sr., Howard D. Geter, Jr., and Benjamin C. Duster, of counsel), for appellant.

Dallstream, Schiff, Hardin, Waite & Dorschel, of Chicago (Mitchell S. Rieger and Bernard E. Lyons, of counsel), for appellee.

MR. PRESIDING JUSTICE MURPHY delivered the opinion of the court.

This is an action of fraud and deceit. The trial court struck the amended complaint and dismissed the action as to defendant Ford Motor Company, on the ground

that the amended complaint, as to Ford, was "substantially insufficient in law." Plaintiff appeals.

In substance, the fraud alleged is that while plaintiff negotiated and paid for a new car, the automobile which was delivered to her had been previously used, and its speedometer had been set back. Charging fraud and deceit in the sale, plaintiff seeks damages totaling $50,018—being $1,018 compensatory and $49,000 exemplary.

The determinative question is whether the amended complaint alleges sufficient facts in law to support plaintiff's allegation that, for the purpose of selling a new Ford automobile to plaintiff, defendant Courtesy Motor Sales was an agent of the defendant Ford Motor Company.

The amended complaint alleges that defendant Courtesy is a "duly authorized franchised dealer for selling and distributing the products of Defendant, Ford Motor Company" and "acting as a franchised agent of the Ford Motor Company . . . executed a contract of sale and purchase with the Plaintiff on Courtesy Motor Sales New Car Division order blanks. . . . upon delivery of the automobile, Ford Motor Company, by and through its franchised agent, Courtesy Motor Sales, warranted the 1962 Ford Fairlane . . . to be new by giving Plaintiff a New Car Warranty."

Plaintiff contends that the allegations of a principal-agent relationship between defendants, the admission of an agreement between defendants ("the terms and provisions of which agreement are unknown to the Plaintiff"), and "the delivery to the Plaintiff of new car warranties of the Ford Motor Company by Courtesy Motor Sales, its franchised dealer," meet the test for a complaint against defendant Ford sufficient in law within the limits outlined in City of Evanston v. Piotrowicz, 20 Ill2d 512, at p 518, 170 NE2d 569 (1960):

"Agency may be established and its nature and extent shown by parol evidence, whether direct or circumstantial, and reference may be had to the situations of parties and property, acts of parties, and other circumstances germane to the question, and if the evidence shows one acting for another under circumstances implying knowledge on the part of the supposed principal of such acts, a prima facie case of agency is established."

Of the exhibits attached to the amended complaint, plaintiff contends that Exhibits "D" and "E" meet the foregoing agency test as to defendant Ford. Exhibit "D" is a printed form, headed in bold type with: "This is your Ford Dealer's NEW CAR WARRANTY," and opens with the statement: "Ford Motor Company has warranted to the Dealer who, pursuant to his sales agreement with the Company, hereby, on his own behalf, warrants to the Purchaser each part of this 1962 Ford Fairlane to be free under normal use and service from defects in material and workmanship . . . ." All other references are to "the Dealer" or "any Authorized Ford Dealer." Exhibit "E" is a series of blank service coupons, each of which is headed in bold type: "NEW CAR WARRANTY SERVICE ACKNOWLEDGMENT COUPON." The terms refer to "your Ford Dealer's New Car Warranty . . . the selling dealer . . . any Authorized Ford Dealer . . . ."

██ Although Ford's motion to strike was filed pursuant to sections 45 and 48(1)(i) of the Civil Practice Act, we are concerned only with section 45, which provides that a pleading may be attacked for deficiencies which appear on its face. Motions to dismiss admit facts well pleaded, but not conclusions of law or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. Pleadings are

construed most strongly against the pleader. (Garofalo Co., Inc. v. St. Mary's Packing Co., 339 Ill App 412, 416, 90 NE2d 292 (1950).) As plaintiff has not attempted to plead or discover the terms of the alleged agreement between the defendants, we do not assume or speculate as to the provisions, and our conclusions are based entirely on such facts as are "well pleaded" in the amended complaint.

After examining the amended complaint and all of its exhibits, we are not persuaded that it alleges sufficient facts to establish that an "authorized franchised Ford Dealer" is the agent of Ford Motor Company for the purpose of selling new cars. With the exception of "D" and "E," all of the exhibits clearly identify the seller of the automobile in question, defendant Courtesy Motor Sales, as an independent dealer. As the other exhibits refer only to defendant Courtesy, plaintiff asserts exhibits "D" and "E" are sufficient to establish the agency between defendants and to justify reliance by plaintiff on the acts of the alleged agent.

We believe that Exhibit "D" makes it clear that it is "your Ford Dealer," defendant Courtesy, which was making, on its own behalf, any warranties contained in the form. Exhibit "E" nowhere refers to defendant Ford Motor Company and continuously refers to "Ford Dealer."

We think it is a matter of common knowledge that the term "Authorized Ford Dealer" is in the nature of a trade-mark sign, which is used by independent dealers (Reynolds v. Skelly Oil Co., 227 Iowa 163, 287 NW 823, 827 (1939)) and means nothing more than a dealer who sells products which have a trade name carrying substantial good will. As stated in Westerdale v. Kaiser-Frazer Corp., 6 NJ 571, 80 A2d 91, 94 (1951):

"Nor does the fact that when a sale is made by a dealer to the ultimate purchaser a manufacturer's warranty goes with the automobile spell out the dealer as the agent of the manufacturer. It is merely incidental to the sale and in no wise by itself gives apparent authority or agency to the dealer. . . . The owner's service policy simply provided that defective material or workmanship would be replaced free by an authorized Frazer dealer or distributor without charge. This was an undertaking of the distributor, not the Kaiser-Frazer Corporation, and spelled out no agency existing between them."

We conclude that, absent the pleading of other facts which directly or circumstantially establish an agency relationship, plaintiff has failed to allege facts to show in law that an "authorized" or "franchise" dealer, in the sale of a new car, is an agent of the manufacturer rather than an independent merchant. Burkhalter v. Ford Motor Co., 29 Ga App 592, 116 SE 333, 337 (1923); Bendix v. Staver Carriage Co., 174 Ill App 589 (1912).

For the reasons given, the order of the trial court is affirmed.

Affirmed.

BURMAN and KLUCZYNSKI, JJ., concur.