FRANCIS X. RICHARDS, Plaintiff-Appellant, v. EARL S. LEIMBACHER et al., Defendants-Appellees.

(No. 70-44;

Third District—March 3, 1971.

J. Edward Jones, of Blue Island, for appellant.

Galowich, Galowich, McSteen & Phelan, of Joliet, for appellees.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This is an appeal from an order of the circuit court of Will County dismissing the complaint of the plaintiff, Francis X. Richards, for failure to state a cause of action. The trial court further awarded costs to the defendants, Earl S. Leimbacher, M. D., and Howard L. Sather, M.D., and dismissed the complaint without prejudice as to the defendant, John

G. Satter, on the grounds that plaintiff failed to use reasonable diligence in obtaining service of process on Satter.

Francis X. Richards, plaintiff-appellant, whom we shall refer to as plaintiff, was initially a defendant in a collection suit. Earl S. Leimbacher, M.D., Howard L. Sather, M.D., and John G. Satter, defendants-appellees, whom we shall refer to as defendants, allegedly not only committed certain acts but also allegedly omitted to perform certain acts in the course of the collection suit against the plaintiff which prompted the filing of a suit for damages against the defendants.

Summarizing the plaintiff's complaint, it alleged that the defendants Leimbacher and Sather were licensed physicians engaged in the practice of medicine in the city of Joliet, Illinois. In that city they performed an operation on the plaintiff's arm and subsequently submitted a bill for services performed in the sum of $230.00. When payment of this bill was not forthcoming the account was placed for collection with John G. Satter, Jr., an attorney in Livingston County with offices at Pontiac.

The plaintiff resided in Morris, Grundy County, Illinois, and a suit was filed against him in the circuit court of Livingston County on March 14, 1968. Summons was served on the plaintiff on March 26, 1968, and three days later plaintiff paid directly to the office of the doctor defendants the sum of $100.00; however, neither the plaintiff nor the doctors notified attorney Satter, the circuit court of Livingston County or its clerk of this partial payment. Being unaware of the partial payment a judgment was entered against the plaintiff on April 3, 1968, in the sum of $230.00 plus costs in the amount of $6.50.

Subsequent to the entry of the judgment attorney Satter learned of the partial payment, but there still being an outstanding balance due he obtained the issuance of a citation, which was served upon the plaintiff on July 23, 1968.

It is difficult to determine from either the plaintiff's complaint or the appeal record the exact sequence of events, but it is apparent that the plaintiff continued to make partial payments directly to the office of the defendant doctors, but at all times failed to take into account accruing court costs and further failed to keep defendant attorney Satter posted as to these payments. Two additional citations were issued by the court and served upon the plaintiff. At all times plaintiff ignored the court procedures but continued to make partial payments directly to the office of the defendant doctors. On January 11, 1969, the plaintiff paid directly to the office of the defendant doctors the sum of $25.00 with a check on which he had written the notation "paid in full." At this time the plaintiff received a receipt which showed his account paid in full. The plaintiff

further alleges that he requested that attorney Satter be notified as to the status of his account, but apparently this was not done by the employees of the doctors. At the time of making what he believed to be final payment on his account the plaintiff was aware of the fact that he had been served with a citation directing him to appear in court on January 22, 1969. On this date plaintiff failed to appear and a rule to show cause for contempt proceedings was issued by the court requiring that he be in court on March 12, 1969. Again failing to appear, the court issued a writ for body attachment against the plaintiff directing the sheriff of Grundy County to bring him to the Livingston County circuit court to answer the contempt charge.

The plaintiff was taken into custody on April 11, 1969, and incarcerated in the county jail at Livingston County. On the following day the plaintiff was informed by the sheriff that upon payment of the sum of $35.20 as a balance on the doctors' bill and $54.16 for costs he would be released. The plaintiff's wife paid these sums and the plaintiff was released from custody.

On April 14, 1969, defendant Satter appeared in court and had entered an order showing the judgment paid and costs satisfied.

The above factual situation was alleged in a two count complaint filed by the plaintiff against the defendants, from whom he was seeking to recover damages. It is difficult to determine what theory or theories of law the plaintiff is relying upon for recovery of damages. The complaint sounds in tort and defamation, false imprisonment, mental anguish and humiliation and there are further allegations that the plaintiff was deprived of his liberty and property in violation of his constitutional rights in violation of article II, sec. 2 and 19 of the Illinois State constitution and the fourteenth amendment to the United States constitution.

We are not faced with deciding whether or not the conduct of the defendants could result in liability on their part if proper pleadings had been drafted, since the paramount question presented on appeal is whether or not the complaint as it was drafted alleges facts sufficient to state a cause of action on some known legal basis or theory.

■■ An appeal from an order dismissing a complaint for its failure to state a cause of action preserves for review only a question of law as to the complaint's legal sufficiency. A motion to dismiss admits for purposes of review only such facts as are well pleaded, but it does not admit conclusions of law, the pleader's construction of a statute, or conclusions of fact unsupported by allegations of specific facts upon which such conclusions rest. (*Washington v. Courtesy Motor Sales, Inc.*, 48 Ill. App.2d 380, 199 N.E.2d 263; *People ex rel. Hannawell v. Dimmick*, 35 Ill.

App.2d 10, 181 N.E.2d 825; *James v. Bank of Highland Park et al.*, 82 Ill. App.2d 118, 226 N.E.2d 404.) While on review of such an order of dismissal the complaint is to be construed most strongly against the pleader, he is, however, entitled to all the reasonable intendments and inferences which can be drawn from the language employed by him in the complaint. *McGill v. 830 South Michigan Hotel*, 68 Ill.App.2d 351, 216 N.E.2d 273; *James v. Bank of Highland Park et al., supra.*

■■ Following these well established rules we must examine the complaint of the plaintiff. No useful purpose would be served by setting forth the complaint in its entirety. It is sufficient to say that paragraph after paragraph of the document not only contains conclusions unsupported by specific facts, but also contained throughout its entirety mere accusations and opinions of the plaintiff, *viz*, "The proceedings were brought and maintained by the defendants with improper motives", "the defendants knew that the court had no jurisdiction", "that the plaintiff had no duty to appear before the court", and "that the suit was commenced in Livingston County to save themselves (the defendants) embarrassment and that the defendants were so hungry for money that they were willing to and did bring said suit in a court that had no jurisdiction to entertain the suit." These quotations are just a sample of the tenor of the complaint. It is interesting to note that on appeal the plaintiff in his brief recognizes that the provisions of chapter 110, section 8 of the Illinois Revised Statutes and acknowledges that he was in error in framing the complaint so as to allege that the circuit court of Livingston County had no jurisdiction. The complaint can only be described as a document fraught with confusion, conclusions, ambiguities, mis-statements, contradictory statements, inconsistencies and inaccuracies. We can only conclude that standing alone the complaint does not allege facts sufficient to sustain a valid cause of action.

■■ While it has been determined that the order dismissing the complaint of the plaintiff was properly entered we feel we should draw our attention to the plaintiff's argument that his constitutional rights under the Illinois constitution, art. II, par. 2 and 19, and the fourteenth amendment of the United States constitution were violated. Article II, par. 2 of the Illinois constitution states that no person shall be deprived of life, liberty or property without due process of law. The plaintiff alleges in his complaint that he was served with the original summons, the citations to appear, and that he had knowledge of the judgment entered by the court and the subsequent rule issued by the court in order to determine if the plaintiff was in contempt. If the contempt alleged is indirect, that is one which in the whole or essential part occurred out of the presence of the

court and which is therefore dependent for its proof upon evidence of some kind, constitutional requirements of due process demand that notice, citation or rule to show cause be served upon the alleged contemnor. (*Kenwick v. Kenwick*, 41 Ill.App.2d 108, 190 N.E.2d 486; *People v. Brigham*, 47 Ill.App.2d 444, 198 N.E.2d 106.) All of the required notices were afforded the plaintiff and he was not denied his liberty without due process of law. The same conclusion is reached in regard to the plaintiff's rights under the fourteenth amendment to the constitution of the United States of America, since this amendment provides that a state shall not deprive a person of life, liberty or property without due process of law. This amendment does not govern the rights of one citizen against another. *Shematis v. Reid*, 193 F.2d 119.

■■ The failure to state a cause of action cannot be cured by alleging that the plaintiff should have a remedy as provided in section 19 of article II of the Illinois constitution. Constitutional rights cannot be infringed where an insufficient complaint is dismissed. (*Belmar Drive-In Th. Co. v. Illinois State Toll Hy. Com'n*, 34 Ill.2d 544, 216 N.E.2d 788; *Deasey v. City of Chicago*, 412 Ill. 151, 105 N.E.2d 727.) Having determined that the complaint fails to state a cause of action the plaintiff cannot now contend that he has a remedy as provided by section 19, article II of the Illinois constitution.

■■ The contention that the trial court committed error in awarding costs to the defendants is without merit. Ch. 33, par. 10, Ill. Rev. Stat., specifically provides that upon judgment for defendant upon motion directed against a complaint, the defendant shall recover costs against the plaintiff.

■■ Ch. 110A, par. 103(b) of the Ill. Rev. Stat. empowers the trial court to exercise its discretion in dismissing an action for failure of the plaintiff to exercise reasonable diligence in obtaining service of process on the defendant. We fail to see an abuse of that discretion when the action was dismissed without prejudice as to the defendant Satter.

For the foregoing reasons the order of the circuit court of Will County is affimed.

Order affirmed.

ALLOY, P. J., and STOUDER, J., concur.